09-0445-cv
Rivera v. Smith

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1.  When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order").  A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of April, two thousand and ten.

PRESENT:

> JOSÉ A. CABRANES,
> RICHARD C. WESLEY,
> > *Circuit Judges.*[*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ROBERTO RIVERA, M.D.,

> *Plaintiff-Appellant,*

> v.                                                                No. 09-0445-cv

RUTH E. SMITH, M.D., individually and as Director of
Personnel Health Service, St. Vincent's Hospital, Manhattan;
JESS A. BUNSHAFT, ESQ., individually and as former Director of
Human Resources, St. Vincent's Hospital, Manhattan; SAINT
VINCENT'S HOSPITAL, MANHATTAN; ST. VINCENT'S
CATHOLIC MEDICAL CENTERS—NY,

> *Defendants-Appellees.*

---

[*] The Honorable Rosemary S. Pooler, originally scheduled to be a member of the panel hearing this appeal, was unable to participate.  The appeal has been decided by the remaining two members of the panel, who are in agreement.  *See* 2d Cir. Local Rules, Internal Operating Procedure E(b).

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR APPELLANTS:            Roberto Rivera, *pro se*, Yonkers, NY.

FOR APPELLEE:              Andrew L. Zwerling and Robert A. Del Giorno, Garfunkel,
                          Wild & Travis, P.C., Great Neck, New York; Ricki E. Roer and
                          Nancy V. Wright, Wilson Elser Moskowitz Edelman & Dicker,
                          LLP, New York, New York.

Appeal from a January 30, 2009 judgment of the United States District Court for the Southern District of New York (Barbara S. Jones, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the District Court's judgment is **AFFIRMED**.

Appellant Roberto Rivera, *pro se*, appeals a judgment of the District Court entered after the Court (1) granted summary judgment to defendants with respect to Rivera's claim under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12112-12117, (2) dismissed Rivera's state law claims for employment discrimination and breach of contract, (3) dismissed Rivera's state law claims for negligent misrepresentation and wrongful termination, and (4) denied Rivera's request for the production of certain medical records. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review orders granting summary judgment *de novo* and ask whether the district court properly concluded that there was no genuine issue as to any material fact and that the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abrams, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). In determining whether there are genuine issues of material fact, we are "required to resolve all ambiguities and draw all permissible inferences in favor of the party against whom summary judgment is sought." *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003) (quotation marks omitted). Similarly, we conduct a *de novo* review of a district court's dismissal of a complaint under Rule 12(b)(6), "construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). Finally, we review discovery rulings made by the District Court under the "abuse of discretion" standard. *See Indep. Order of Foresters v. Donald, Lufkin & Jenrette, Inc.*, 157 F.3d 933, 937 (2d Cir. 1998). We will reverse such a ruling only if "the action taken was improvident and affected the substantial rights of the parties." *Goetz v. Crosson*, 41 F.3d 800, 805 (2d Cir. 1994); *see also Lynch v. City of New York*, 589 F.3d 94, 99 (2d Cir. 2009) ("A district court has abused its discretion if it has (1) based its ruling on an erroneous view of the law, (2) made a clearly erroneous assessment of the evidence, or (3) rendered a decision that cannot be located within the range of permissible decisions." (quotation marks omitted)).

2

Here, even construing, as we must, all the facts in Rivera's favor, we conclude that the District Court properly granted summary judgment to defendants with respect to Rivera's ADA claim. We also conclude that the District Court correctly dismissed his state law claims. Additionally, we hold that the District Court did not abuse its discretion by denying Rivera's request that the defendants produce the three medical charts, as Rivera failed to demonstrate that those charts were relevant to his claims.

We have considered all of Rivera's arguments on appeal and have concluded that they are meritless.[1]

## CONCLUSION

For the foregoing reasons, the District Court's January 30, 2009 judgment is **AFFIRMED**.

FOR THE COURT,

Catherine O'Hagan Wolfe, Clerk of Court

---

[1] Rivera also moved for a preliminary injunction barring defendants from conducting "any professional witness hearings or determinations" during the pendency of this litigation. Because we affirm the District Court's judgment for defendants, Rivera's motion for a preliminary injunction is moot.

3